sw/cp USAO#20013R00158

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

2013 JUL 23 P 5:09

| | |
|---|---|
| UNITED STATES OF AMERICA | * CRIMINAL NO. JKB-13-0374 |
| | * AT BALTIMORE |
| v. | * (Health Care Fraud, 18 U.S.C. § 1347; |
| | * Aggravated Identity Theft, |
| REDDY VIJAY ANNAPPAREDDY, | * 18 U.S.C. § 1028A(a); Aiding and |
| VIPINKUMAR PATEL, and | * Abetting, 18 U.S.C. § 2; Forfeiture, |
| JIGAR PATEL | * 18 U.S.C. § 982(a)(7) & 21 U.S.C. § 853) |
| | * |
| Defendants. | * |

*******

## INDICTMENT

## COUNT ONE

At all times relevant:

1. Defendant **REDDY VIJAY ANNAPPAREDDY** is the owner of Pharmacare, LLC, a privately owned pharmacy store chain doing business in Maryland and elsewhere. A number of the pharmacies are known as Pharmacare; others as Caremerica, but collectively the pharmacy store chain shall be referred to as "Pharmacare."

2. Defendants **VIPINKUMAR PATEL (V.PATEL)** and **JIGAR PATEL (J.PATEL)** were employees of Pharmacare. **V.PATEL** worked at Pharmacare at Plumtree, LLC, 208 Plumtree Road, Suite A, Bel Air, Maryland 21015 (hereinafter "Plumtree") and at Caremerica, LLC 2227 Old Emmorton Road, Suite 122, Bel Air, Maryland 21015 (hereinafter "Old Emmorton Road"). **J.PATEL** is currently employed at Pharmacare at DC, 651 Florida NW Ave, Washington, DC 20001. At times, **J.PATEL** and **V.PATEL** worked together at Plumtree and Old Emmorton Road.

3. Medicare and Medicaid are health care benefit programs as defined under 18 U.S.C.

1

§ 24(b). Medicaid is a joint federal and state program. Both Medicare and Medicaid offer prescription drug benefits to certain covered individuals. Many private insurance companies are also health care benefit programs and provide similar prescription drug benefits. Collectively, these entities covering prescription drug benefits will be referred to as "health care benefit programs."

4. Typically, the health care benefit programs reimburse pharmacies for a substantial portion of the cost of prescription drugs dispensed to a beneficiary. The individual patient pays only a small deductible for the prescription drugs to the pharmacy. The health care benefit programs require that, in order for a pharmacy to receive reimbursement, the prescription drugs must actually be dispensed to the patient.

5. The health care benefit programs assign unique identification numbers to beneficiaries for use when a pharmacy submits a claim for reimbursement.

## THE CHARGE

6. As early as 2007, and continuing through July 2013, the exact dates being unknown to the Grand Jury, in the District of Maryland and elsewhere, the defendants,

**REDDY VIJAY ANNAPPAREDDY,
VIPINKUMAR PATEL, and
JIGAR PATEL,**

did willfully execute and attempt to execute a scheme and artifice to defraud any health care benefit program, and to obtain, by means of false and fraudulent pretenses, representations and promises, money and property owned by and under the custody and control of any health care benefit program, in connection with the delivery and payment for health care benefits, items and services, as set forth more fully below.

## THE SCHEME AND ARTIFICE TO DEFRAUD
## HEALTH CARE BENEFIT PROGRAMS

7.      It was part of the scheme to defraud that **REDDY VIJAY ANNAPPAREDDY, VIPINKUMAR PATEL, JIGAR PATEL** and others known and unknown to the grand jury would identify customers of Pharmacare who had filled prescriptions at the pharmacy and for which there were "available" prescription refills remaining.

8.      It was further part of the scheme to defraud that **REDDY VIJAY ANNAPPAREDDY, VIPINKUMAR PATEL, JIGAR PATEL** and others known and unknown to the grand jury, would, as soon as a prescription was eligible for refill, cause entries to be made in the pharmacy software to reflect that the refill had been requested when in fact the refill had not been requested. Such a computer entry would then be used to support a claim for reimbursement by the relevant health care benefit program.

9.      It was further part of the scheme to defraud that **REDDY VIJAY ANNAPPAREDDY, VIPINKUMAR PATEL, JIGAR PATEL** and others known and unknown to the grand jury would cause a false and fraudulent claim to be electronically submitted to a health care benefit program for a prescription refill that had not been requested or dispensed.

10.     It was further part of the scheme to defraud that **REDDY VIJAY ANNAPPAREDDY, VIPINKUMAR PATEL, JIGAR PATEL** and others known and unknown to the grand jury would not reverse, or back out, claims submitted for refills when the prescription drugs were not actually dispensed to a customer.

11.     It was further part of the scheme to defraud that **REDDY VIJAY ANNAPPAREDDY, VIPINKUMAR PATEL, JIGAR PATEL** and others known and unknown

to the grand jury would re-use the prescription drug refills that were not delivered or picked up by a customer by, among other things, re-stocking the inventory in the pharmacy.

12. It was further part of the scheme to defraud that **REDDY VIJAY ANNAPPAREDDY** personally profited from the scheme to defraud through his ownership of Pharmacare.

13. It was further part of the scheme to defraud that **VIPINKUMAR PATEL, JIGAR PATEL** and others known and unknown to the grand jury personally profited from the scheme to defraud through their employment at Pharmacare.

### EXECUTION OF THE SCHEME TO DEFRAUD

14. Beginning as early as 2007, and continuing through July 2013, in the District of Maryland and elsewhere, the defendants,

**REDDY VIJAY ANNAPPAREDDY,**
**VIPINKUMAR PATEL, and**
**JIGAR PATEL,**

did knowingly and willfully execute and attempt to execute the scheme and artifice to defraud health care benefit programs and to obtain by means of false or fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, the named health care benefit program, in connection with the delivery of and payment for health care benefits, items and services; to wit, by submitting claims for reimbursement to health care benefit programs for Pharmacare for prescription refills when the prescription refills were neither requested by the customers nor dispensed to the customers and by failing to reverse the claims to the health care benefit programs and re-stocking the medications.

18 U.S.C. § 1347
18 U.S.C. § 2

4

## COUNT TWO
### (Aggravated Identity Theft)

The Grand Jury for the District of Maryland further charges that:

1. Paragraphs 1 through 13 of Count One of this Indictment are incorporated here.

2. Beginning as early as 2007, and continuing through July 2013, in the District of Maryland and elsewhere, the defendants,

**REDDY VIJAY ANNAPPAREDDY,
VIPINKUMAR PATEL, and
JIGAR PATEL,**

did, during and in relation to a felony violation enumerated in 18 U.S.C. §1028A(c), knowingly transfer, possess and use, without lawful authority, a means of identification of another person; to wit, the defendants used the actual name, and insurance and identification number of hundreds of customers of Pharmacare, during and in relation to a violation of 18 U.S.C. § 1347 (Health Care Fraud) as charged in Count of this Indictment and incorporated here.

18 U.S.C. § 1028A(a)
18 U.S.C. § 2

## FORFEITURE ALLEGATIONS

The Grand Jury for the District of Maryland further charges that:

1. As a result of the offense alleged in Count One,

**REDDY VIJAY ANNAPPAREDDY,
VIPINKUMAR PATEL, and
JIGAR PATEL,**

shall forfeit to the United States any and all property, real and personal, constituting or derived, directly or indirectly, from gross proceeds traceable to the offense, including, but not limited to: approximately $2.6 million dollars.

2. If, as a result of any act or omission of the defendant, any such property subject to forfeiture:

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with, a third person;
   c. has been placed beyond the jurisdiction of the Court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.

18 U.S.C. § 982(a)(7)
21 U.S.C. § 853

Rod J. Rosenstein
United States Attorney

_A TRUE BILL:

**SIGNATURE REDACTED**

Dated: July 27, 2013